IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DARREN LYLE )
)
v. ) NO. 1:15-0063
)
ENOCH GEORGE, et al. )

TO: Honorable William J. Haynes, Senior District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 20, 2016 (Docket Entry No. 45), this case management action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is the motion to dismiss (Docket Entry No. 40) of Defendant Beth Ashe. Plaintiff has responded in opposition to the motion. *See* Docket Entry No. 42. For the reasons set out below, the Magistrate Judge recommends that the motion to dismiss be GRANTED.

## I. BACKGROUND

Darren Lyle ("Plaintiff") was arrested at his residence on July 23, 2014, by Maury County law enforcement officers Steve Jones ("Jones") and Bradley Thompson ("Thompson") after the officers had arrived at the residence in response to a call about domestic violence. Plaintiff, who

takes seven medications on a daily basis to control Type II diabetes and mental health illnesses, alleges that he requested that the officers retrieve his medications from the residence and take the medications with him upon his arrest but that the officers refused and that the only medication taken with him was Adderall, which his girlfriend had retrieved. After his arrest, Plaintiff was transported to the Maury County Jail ("Jail") and kept there on a 12 hour temporary hold. Plaintiff was not released at the end of the hold and was placed in a solitary confinement cell, where he remained until he was released on or around July 30, 2014.[1] Plaintiff contends that he "was not indicted for any crime related to his arrest." *See* Complaint (Docket Entry No. 1) at 12.

Plaintiff alleges that he was given only a smock to wear while in the isolation cell and that the cell was cold and had standing water in it. He further alleges that he was not given a blanket, a sheet, or any bedding, and that he was forced to sleep on a concrete slab while in the cell. He alleges that he was denied a towel and any opportunities for recreation or exercise, had virtually no human interaction, and was permitted to leave the cell only one time to attempt to make a telephone call, which he asserts he could not complete because he did not have funds on a call account at the Jail. He asserts that he was not given any information about the Jail's policies or grievance procedures, was never informed about when he would be released, and was subjected to taunting comments from Jail staff.

Plaintiff alleges that, during his intake processing at the Jail, he informed Jail Officer Larry Smithson ("Smithson")[2] of his need for the daily medications and wrote a list for Smithson of the

---

[1] The facts related to why Plaintiff was kept at the Jail after the temporary hold expired are not set out in the complaint.

[2] Defendant Smithson states that he was incorrectly identified as "Larry Flowers" in the complaint. *See* Docket Entry No. 17.

medications and dosages. Plaintiff contends that Smithson chastised and threatened him and prematurely disconnected Plaintiff's telephone call to his sister. Plaintiff asserts that, despite providing this information to Smithson and despite repeatedly making requests to Jail staff for his medications, he did not receive any of his prescribed medications and that his blood sugar was checked only during his intake processing. He asserts that he began to suffer adverse side-effects because of not taking his medications, including anxiety, depression, mood swings, fatigue, lightheadness, nausea, insomnia, and irritability. He contends that, in an effort to obtain his medications, he wrote the word "suicidal" on a piece of paper and passed it to a guard. As a result, Plaintiff was visited by an employee of a mental health treatment center, but Plaintiff asserts that the employee merely requested that Plaintiff pray for forgiveness and that the visit did not result in any of his medications being provided to him. Plaintiff asserts that he has suffered continuing effects from the week long deprivation of his medications at the Jail. He contends that he has become estranged from his family, that he entered a partial hospitalization program and has undergone outpatient treatment, and that he has nightmares and suffers from sleep deprivation.

On July 23, 2015, Plaintiff filed this lawsuit seeking damages and equitable relief based on his allegations. He brings claims under 42 U.S.C. § 1983, contending that his federal constitutional rights under the Eighth, Tenth, and Fourteenth Amendments were violated by the lack of medical care and by the conditions of his confinement at the Jail (Count I). He further brings claims under state law for negligence and gross negligence (Count II), intentional and/or negligent infliction of emotional distress (Count III), and for a violation of the Tennessee Corrections Institute's Minimum Standards for Local Correctional Facilities (Count IV). *Id*. at 13-15. Named as Defendants are Enoch George ("George"), the Maury County Sheriff; Debra Wagonschutz ("Wagonschutz"), the

Administrator of the Maury County Corrections Department and the Jail; Robert Truette ("Truette"), Craig D'Apolito ("D'Apolito"), Robin Walters ("Walters"), and Randy Marrisett ("Marrisett"), who are alleged to be sergeants at the Jail; Smithson; Jones; Thompson; and Beth Ashe ("Ashe"), the Executive Director of the Tennessee Corrections Institute. Defendants are sued in both their individual and official capacities. Plaintiff also names ten "John Doe" defendants who are alleged to be correctional employees at the Jail.

Although Defendant Ashe has filed the pending motion to dismiss in lieu of an answer, the parties have appeared for a case management conference before the Magistrate Judge, three case management orders have been filed, *see* Docket Entry Nos. 34, 38, and 50, and the parties appear to have engaged in some discovery. *See* Docket Entry Nos. 43, 48, and 49.[3]

## II. STANDARD OF REVIEW

A motion to dismiss is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and draw all reasonable inferences in favor of Plaintiff. *See In re Travel Agent Com'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir.2009). Although the complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for the entitlement to relief sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*,

---

[3] Defendants Enoch George, Debra Wagonschutz, Robert Truette, Craig D'Apolito, Robin Walters, Randy Marrisett, Larry Smithson, Steve Jones, and Bradley Thompson also filed an early motion to dismiss, s*ee* Docket Entry No. 17, that is also pending. However, these Defendants have recently filed a motion for summary judgment, *see* Docket Entry No. 51, which more fully explores the issues in this case and encompasses the arguments for dismissal raised in their motion to dismiss. Accordingly, by contemporaneously entered order, the Court has dismissed their motion to dismiss as moot in light of the motion for summary judgment.

355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations contained in the complaint must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSIONS

Defendant Ashe argues that there are no allegations that she was personally involved in the alleged unconstitutional activity or even in any of the events at issue. She further argues that, as a state official, the Eleventh Amendment bars claims for monetary damages against her in her official capacity. *See* Defendant Ashe's memorandum in support (Docket Entry No. 41).

The motion to dismiss should be granted. For a Section 1983 claim, there must be factual allegations showing that the defendant was personally involved in some manner in the alleged unconstitutional conduct. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). There are no allegations in the Complaint that

5

Defendant Ashe was personally involved in any manner in the daily operations at the Jail or in any of the events that occurred during Plaintiff's detention at the Jail. There are also no factual allegations that support even a plausible inference that Defendant Ashe knew Plaintiff was being held at the Jail, knew Plaintiff was being denied medications, or knew of any of the conditions under which he was being confined.

Defendant Ashe is alleged to be the Executive Director of the Tennessee Corrections Institute ("TCI") and is sued based solely on the assertion that she "was responsible for ensuring the Jail complied with TCI standards and was derelict in this duty, and as a result [Plaintiff] suffered from the deprivation of his constitutional rights." *See* Complaint at 13, ¶ 45. However, Plaintiff's contention that Defendant Ashe was derelict in her duties at the TCI and that this caused Plaintiff to suffer the alleged deprivations at the Jail is unsupported by any factual allegations and is conclusory. Such a contention will not support a claim for relief. There must be an actual causal connection between the misconduct complained of and Defendant Ashe. *See Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). However, there are no factual allegations showing the type of necessary causal connection that would support a claim that Defendant Ashe bears responsibility under Section 1983 for any violation of Plaintiff's constitutional rights that occurred at the Jail.

Given that Defendant Ashe was not an employee of Maury County who had any actual role in the administration of the Jail, Plaintiff's reliance on *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76 (6th Cir. 1995), and *Hill v. Marshall*, 962 F.2d 1209 (6th Cir. 1992), is misplaced and is not persuasive. In each of these case, the defendant who unsuccessfully sought dismissal had a personal role in actions that directly led to the violations at issue. There is nothing contained in the Complaint

showing that Defendant Ashe "implicitly authorized, approved, or knowingly acquiesced" in the alleged unconstitutional conduct at the Jail, *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), and Plaintiff's attempt to link Defendant Ashe to the events that occurred at the Jail involving Plaintiff is simply too tenuous to support a claim for relief against her under either Section 1983 or state law.

Although the lack of any factual allegations implicating Defendant Ashe in the events at the Jail warrants her dismissal from the case, the Court also notes that, because she is a state official, the Eleventh Amendment bars the damage claim brought against her in her official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166-169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Turker v. Ohio Dept. of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Additionally, there are no facts alleged showing that Plaintiff has a basis for seeking prospective injunctive relief because of a threat of future injury at the hands of Defendant Ashe. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102-09, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Blakely v. United States*, 276 F.3d 853, 873-74 (6th Cir. 2002); *Williams v. Ellington*, 936 F.2d 881, 889 (6th Cir. 1991). Past exposure to alleged illegal conduct "does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Similarly, there does not appear to be an actual and continuing controversy between the parties that would support declaratory relief against Defendant Ashe. *See City of Los Angeles*, 461 U.S. at 102; *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985); *Grand Trunk W. R.R. Co. v. Consolidated Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984); 28 U.S.C. § 2201.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 40) of Defendant Beth Ashe be granted and Defendant Ashe be dismissed from this action WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge